UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FRASER INVESTMENT**
**PROPERTIES, LLC**,

        Plaintiff,

Case No.: 19-cv-10834

v

**WESTCHESTER SURPLUS LINES**
**INSURANCE COMPANY, A**
**GEORGIA DOMICILED INSURER**,

        Defendant.

_____/

| | |
|---|---|
| MICHAEL S. HALE (P51339) | KURT D. MEYER (P38205) |
| MELISSA L. HIRN (P54167) | **GREGORY AND MEYER, P.C.** |
| **HALE & HIRN, PLC** | Attorneys for Defendant |
| Attorneys for Plaintiff | 340 E. Big Beaver Road, Ste. 520 |
| 21500 Haggerty Road, Suite 140 | Troy, MI  48083 |
| Northville, MI  48168 | (248) 689-3920/(248) 689-4560 – Fax |
| (248) 692-4012 | kmeyer@gregorylaw.com |
| mhale@haleandhirn.com | |
| mhirn@haleandhirn.com | |

_____/

## **NOTICE OF REMOVAL BASED ON DIVERSITY OF CITIZENSHIP**

**NOW COMES** Defendant, Westchester Surplus Lines Insurance Company, and pursuant to 28 U.S.C.A §§ 1441, 1446 and E.D.Mich. LR 81.1, hereby files this Notice of Removal of a cause of action filed in the 16th Judicial Circuit Court (Macomb County Circuit Court) of the State of Michigan entitled, *Fraser*

*Investment Properties, LLC v Westchester Surplus Lines Insurance Company*, Case No. 19-0638-CZ and states:

1. This action was commenced in the 16th Circuit Court, Macomb County, Michigan on February 15, 2019 and process as well as the initial pleading setting forth the claim for relief upon which the action is based, was first served on Defendant on February 21, 2019 (Complaint).

2. The action is a civil action for breach of contract and pursuant to 28 U.S.C. §2201, 28 U.S.C.A §1332(a)(1) and Rule 57 of the Federal Rules of Civil Procedure, this Court has original jurisdiction over the matter.

3. There exists complete diversity of citizenship of the parties. Plaintiff, Fraser Investment Property, LLC, misidentified as Fraser Investment Properties, LLC, is a limited liability company organized under the laws of the state of Michigan, transacts business in the County of Macomb, State of Michigan and that its principal place of business is located in the County of Macomb and has its registered office at 511 Oldtown, 81993, Rochester, MI 48308, MI (Complaint ¶1; **Exhibit 1**, annual report; **Exhibit 2** email from Plaintiff's counsel). Defendant Westchester Surplus Lines Insurance Company is incorporated in the State of Pennsylvania with principle place of business in Philadelphia, Pennsylvania.

4. The amount in controversy is in excess of $75,000 based upon the complaint (Complaint ¶ 12-15) and damages claimed by Plaintiff under a policy of insurance issued by Defendant (**Exhibit 3**, Letter from Plaintiff's Public Adjuster).

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests, and Plaintiff and Defendant are citizens of different states.

6. No previous application has been made for the relief requested herein.

7. A copy of all process, pleadings, and orders served upon Defendant as well as a Proof of Service of written notice of this Notice of Removal to all adverse parties and a copy of same being filed with the clerk of the State court is being filed with this notice as required by 28 USC §1446(a) and (d).

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is also being filed with the Clerk of the Circuit Court for the County of Macomb, State of Michigan.

**WHEREFORE**, the Defendant respectfully requests that this action be removed from the State of Michigan, Circuit Court for the County of Macomb, to the United States District Court for the Eastern District of Michigan, and that this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy.

/s/ Kurt D Meyer
KURT D MEYER
GREGORY AND MEYER, P.C.
Attorneys for Defendant National
Indemnity Company
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920
P 38205

Dated: March 21, 2019                           kmeyer@gregorylaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the paper to the following:

| | |
|---|---|
| MARK L. MENCZER | M. MICHAEL KOROI |
| 6304 Orchard Lake Rd. | 150 North Main Street |
| West Bloomfield, MI 48322 | Plymouth, MI 48170-1236 |
| mark@menczerlaw.com | mmkoroi@sbcglobal.net |

And a copy served on Wayne County Circuit Court Clerk by Wayne County Circuit Court's efiling system on March 21, 2019.

/s/ Kurt D Meyer
KURT D MEYER
**GREGORY AND MEYER, P.C.**
Attorneys for Defendant National
Indemnity Company
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920
P38205
kmeyer@gregorylaw.com

4

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>16th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>19-0638-CZ |

**Court address**
40 N Main St, Mt Clemens, MI 48043

**Court telephone no.**
568-469-5208

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Fraser Investment Properties, LLC<br>9930 Whittier Ave<br>Detroit, MI 48224<br>(313) 886-7000 | v | Westchester Surplus Lines Insurance Company<br>P.O. Box 5122<br>Scanton, PA 18505-0554 |

Plaintiff's attorney, bar no., address, and telephone no.
Michael S. Hale P51339
Hale & Hirn, PLLC
21500 Haggerty Rd. Ste. 140
Northville, MI 48167
(24) 321-8941

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date | Court clerk |
|---|---|---|
| FEB 15 2019 | MAY 17 2019 | Fred Miller |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (1/19)  **SUMMONS**                                           MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

**PROOF OF SERVICE** | **SUMMONS** Case No. 19-0038-CZ

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

OR

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____    Signature: _____
                        Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**
I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments

_____ on _____
                           Day, date, time

_____ on behalf of _____.

Signature

## STATE OF MICHIGAN

## IN THE MACOMB COUNTY CIRCUIT COURT

**FRASER INVESTMENT PROPERTIES, LLC**

    Plaintiff,

v.

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY,** a Georgia Domiciled Insurer

    Defendant.

Case No. 19- 0638 CZ
Hon. _____

JOSEPH TOIA



RECEIVED
FEB 1 5 2019
FRED MILLER
Macomb County Clerk

---

**HALE & HIRN, PLC**
MICHAEL S. HALE (P51339)
MELISSA L. HIRN (P54167)
Attorney for Plaintiff
21500 Haggerty Rd., Ste. 140
Northville, MI 48167
(248) 692-4012

---

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

### COMPLAINT FOR EQUITABLE RELIEF AND MONEY DAMAGES

**NOW COMES** Plaintiff, Fraser Investment Properties, LLC, a Michigan limited liability company, by and through its counsel, Hale & Hirn, PLLC and brings this Complaint against Defendant Westchester Surplus Lines Insurance Company, stating as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a Michigan limited liability company doing business in Macomb County, Michigan.

2. Defendant is a Georgia domiciled insurer which is an unauthorized but approved insurer in Michigan and does business in Macomb County, Michigan.

3. The policy of insurance at issue was sold to Plaintiff in Macomb County, Michigan.

4. The amount in controversy exceeds $25,000 exclusive of interest and costs.

## COMMON ALLEGATIONS

5. Plaintiff purchased a Commercial Package Policy from Defendant, policy number FSF1373270A 001, policy period December 29, 2017 to December 29, 2018 ("the Policy" – Exhibit 1).

6. The Policy included water damage as a covered peril.

7. The Policy covered 33333 and 33342 Kelly Rd. Fraser, Michigan 48204 and later was corrected to 33341 Kelly Rd. through an endorsement issued by Defendant.

8. Plaintiff had purchased the mortgage on the property for $320,000 for land and structures, further demonstrating the inaccuracy of Defendant's determination of actual cash value.

9. Coverage was placed by Westchester's agent to cover the purchase price and any applicable demolition costs should a disaster occur.

10. The building limit of coverage for each building is $250,000 with a $10,000 deductible, subject to an 80% coinsurance provision.

11. On June 7, 2018, water damage occurred at 33333 Kelly Rd. Fraser, Michigan 48026 ("the Property").

12. The actual cash value cost to make the repairs was $205,820.09 and this is not being contested by Westchester.

13. Defendant wrongfully determined that a 62.19% penalty applied, reducing the amount payable to $77,827.15 less a deductible of $10,000.

14. Defendant paid only $67,827.15, taking the position that a coinsurance penalty provision of 80% applied to the actual cash value of the 33341 building only.

15. Plaintiff repeatedly requested appraisal as provided for by the Policy to determine the actual cash value upon which Defendant was attempting to use as a basis for imposing a penalty, but Defendant has refused, citing that this is a coverage issue and not a valuation issue.

16. Westchester's position is inconsistent with the clear Policy language and appraisal should be ordered.

**WHEREFORE**, Plaintiff asks that this Honorable Court enter an Order requiring appraisal and ordering the payment of costs and fees.

## COUNT I

## DECLARATORY JUDGMENT

17. Plaintiff repeats and re-alleges paragraphs 1-16 as though fully set forth herein.

18. Defendant has admitted that coverage exists for the Loss.

19. Defendant has not, however, paid what Plaintiff is entitled to under the Policy contract.

20. Plaintiff is entitled to appraisal to determine the actual cash value which Defendant has incorrectly quantified.

21. Plaintiff has complied with all of the Policy conditions, but Defendant has not complied with the Policy condition on appraisal.

**WHEREFORE**, Plaintiff asks that this Honorable Court enter an Order in its favor that:

a) Appraisal is required.

b) Costs and attorneys' fees should be award against Defendant for its blatant refusal to agree to appraisal.

## COUNT II

## BREACH OF CONTRACT

22. Plaintiff repeats and re-alleges paragraphs 1-18 as though fully set forth herein.

23. Defendant's failure to pay for the Loss is a breach of the Policy contract with Defendant.

24. Such breach has resulted in both direct and consequential damages which were foreseeable by Defendant at the time entering the contract, including loss of use of the Property.

25. MCL 500.2006 provides for the payment of 12% interest for claims not paid on a timely basis and such additional amounts are warranted.

**WHEREFORE**, Plaintiff asks that this Honorable Court enter a judgment in its favor in an amount currently exceeding $25,000 plus costs and attorneys' fees wrongfully incurred.

Date: 2.12.19

By: **Michael S. Hale (P51339)**
HALE & HIRN, PLLC
Attorneys for Plaintiff
21500 Haggerty Rd., Ste 140
Northville, MI 487167
(248) 692-4012

4