UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRASER INVESTMENT
PROPERTIES, LLC,

        Plaintiff,

v.

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

        Defendant.
                                         /

Case No. 2:19-cv-10834

HONORABLE STEPHEN J. MURPHY, III

**ORDER DECLINING TO REPLACE UMPIRE AND SETTING
DEADLINE FOR DEFENDANT TO SUBMIT ITS APPRAISAL REPORT**

      On February 28, 2020, the parties submitted a proposed, stipulated order for the Court's review that would substitute a new umpire, Mr. Meredith Reschly, for the current umpire, Mr. Kevin English. The Court declined to issue the proposed order. *See* ECF 13. The parties then filed a joint status report and explained the reason for their delay, their familiarity with Mr. Reschly's qualifications, and their reasons for requesting to replace Mr. English as the umpire. ECF 14. The Court requested that Mr. English detail his position on the proposal before deciding whether to reconsider the parties' request to substitute the umpire. ECF 15. After considering his response, ECF 16, the Court will decline to replace Mr. English and will order Defendant to submit its appraisal report to Mr. English no later than April 17, 2020.

      Initially, the parties agreed that their appraisers would agree upon an umpire and that if they failed to do so the Court would select one for them. ECF 7, PgID 49. The appraisers failed to agree on an umpire. *See* ECF 8. And the Court appointed one

1

for them—Mr. English. ECF 9. Mr. English expended time and effort reading and analyzing Plaintiff's appraiser's report but never received a report from Defendant's appraiser. *See* ECF 16, PgID 208–09. Once Defendant finally fired his uncooperative appraiser and hired a new one, the parties decided that they could agree on their own umpire. ECF 14, PgID 203–04. But that decision by the parties disregarded the fact that the Court already appointed a fair, neutral umpire. And the parties did not extend the professional courtesy to Mr. English to a) engage meaningfully with him as the umpire or b) even send him a copy of their proposed, stipulated order to replace him. *See* ECF 16, PgID 209.

The Court initially appointed Mr. English as the umpire because the parties were unable to cooperate and because Defendant filed a motion for the Court to appoint an umpire. ECF 8. The Court chose Mr. English because it is very familiar with his reputation, professionalism, and integrity. Although the parties represent that they are more familiar with Mr. Reschly's reputation, the Court is not. And the Court sees no reason to reward the parties' delay of the dispute's resolution and lack of professional courtesy towards its appointed umpire by allowing them to replace him with an umpire of their own choosing.

Defendant invoked the Court's jurisdiction when it removed the case. And the parties agreed that "[s]hould the parties' respective appraisers fail to meet and/or agree upon an umpire . . . upon written request by one or both parties, [the Court] will select and appoint a disinterested and competent individual to act as umpire." ECF 7, PgID 49. The parties abandoned the prerogative to choose their own umpire

2

when Defendant filed its motion for the Court to appoint one. Umpire English is now invested in the case and replacing him would undermine both sound procedural practice and judicial economy, not to mention notions of fair treatment toward the umpire. The Court will therefore decline to enter the parties' proposed, stipulated order to replace him.

Moreover, the time has come to resolve this very straightforward case. Defendant simply may not delay the proceedings any longer. The Court will therefore require Defendant to submit its new appraiser's report to Mr. English no later than April 17, 2020.

**WHEREFORE**, it is hereby **ORDERED** that the parties' request to replace the umpire is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant must **SUBMIT** its appraiser's report to Mr. English no later than **April 17, 2020**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: April 3, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 3, 2020, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager